IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| JAMES RIGGIOLA | ) | CASE NO. |
| 3628 Scottswood Circle | ) | |
| Richfield, Ohio 44286 | ) | JUDGE |
| | ) | |
| Individually and on behalf of all | ) | |
| others similarly situated who consent | ) | |
| to their inclusion in a collective | ) | |
| action. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION | ) | |
| 6401 Security Blvd. | ) | |
| Baltimore, MD 21235-0001 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GEAUGA COUNTY, OHIO, | ) | **COMPLAINT AND JURY DEMAND** |
| BOARD OF COUNTY | ) | |
| COMMISSIONERS | ) | |
| c/o David Joyce | ) | |
| Geauga County Prosecutor | ) | |
| Courthouse Annex | ) | |
| 231 Main Street, Suite 3-A | ) | |
| Chardon, Ohio 44024 | ) | |
| | ) | |
| Defendants | ) | |

Now comes Plaintiff, James Riggiola, and for his complaint against defendants, avers and states as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff, James Riggiola, on behalf of himself and all similarly situated individuals, brings this action, pursuant to 29 U.S.C. §216(b), as a collective action, against defendants Social Security Administration and Geauga County, Ohio, Board of County Commissioners, seeking appropriate monetary, declaratory and injunctive relief based upon defendants' willful failure to compensate plaintiff and other similarly situated employees for working meal periods and for hours worked in excess of 40 hours per week as required under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201, *et seq*., and 29 C.F.R. §785.19. Plaintiff's allegations as to his own acts are based upon personal knowledge, and other allegations are made on information and belief.

## JURISDICTION

2.      This Court has jurisdiction over plaintiff's FLSA claim pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

## VENUE

3.      This Court has venue over the claims in the within action pursuant to 28 U.S.C. §1391(b) and 29 U.S.C. §216(b).

## PARTIES

### THE REPRESENTATIVE PLAINTIFF

4.      Plaintiff James Riggiola is an individual residing at 3628 Scottswood Circle, Richfield, Ohio 44286. During all times relevant hereto, and until his retirement on May 28, 2007, plaintiff was employed as a Deputy Sheriff with the Geauga County Sheriff's Department.

5.     The named plaintiff brings this collective action on his own behalf and on behalf of those similarly situated to him who consent to their inclusion in this collective action, and has given his written consent to bring this action to collect unpaid wages under the FLSA.

6.     Throughout this Complaint, plaintiff James Riggiola is referred to as "plaintiff," except where otherwise indicated.

7.     During all times relevant hereto, plaintiff was an employee covered by the FLSA.

## DEFENDANTS

8.     Defendant Social Security Administration is an agency of the United States Government and is an employer under the FLSA pursuant to 29 U.S.C. §203(e)(2)(A).

9.     Defendant Geauga County, Ohio, Board of County Commissioners is a political subdivision of the State of Ohio and is an employer under the FLSA pursuant to 29 U.S.C. §203(e)(2)(C).

## FACTS

10.     In 2002, the Geauga County Sheriff's Department entered into Contract Number SS05-04-60051 with defendant Social Security Administration (hereinafter referred to as "the SSA contract") wherein the Geauga County Sheriff's Department supplied three deputies to the Social Security Administration's Office of the Inspector General, Cooperative Disability Investigations Unit, in Cleveland, Ohio, to investigate possible fraudulent social security claims on a full-time basis.

11.     From approximately September 1, 2002, through May 31, 2007, plaintiff was assigned to the Social Security Administration pursuant to the SSA contract along with other Geauga County Sheriff's Department deputies.

12.     Pursuant to the terms of the SSA contract and the manner in which the SSA contract was administered, plaintiff and other deputy sheriffs assigned to the Social Security

Administration under said contract received their work assignments from defendant Social Security Administration and were supervised with respect to said work assignments by defendant Social Security Administration but were still considered to be employees of defendant Geauga County, Ohio, Board of County Commissioners and continued to be paid by Geauga County, Ohio.

13.     The services provided by plaintiff and other Geauga County deputy sheriffs assigned to defendant Social Security Administration pursuant to the SSA contract simultaneously benefited both defendants Social Security Administration and Geauga County, Ohio, and thus constituted a joint employment relationship pursuant to 29 C.F.R. §791.2(b).

14.     The FLSA generally requires an employer to pay overtime compensation to employees for all hours worked over 40 hours per workweek.

15.     Plaintiff and other Geauga County sheriff's deputies assigned to defendant Social Security Administration pursuant to the SSA contract were compensated on an hourly basis pursuant to a collective bargaining agreement.

16.     During the course of his assignment to defendant Social Security Administration under the SSA contract, plaintiff's territory for investigating possible fraudulent social security claims was the entire State of Ohio.

17.     Plaintiff was frequently required to travel within the State of Ohio as part of his duties for defendant Social Security Administration under the SSA contract.

18.     Because of the travel requirements imposed upon plaintiff, plaintiff was frequently unable to take a meal break or was required to work during the course of his meal periods.

19.     Moreover, when plaintiff was not traveling on behalf of defendant Social Security Administration and was working out of an office supplied to plaintiff by defendant Social

Security Administration, plaintiff was often required to take lunch breaks with a Social Security Administration supervisor who would refer to those lunches as business lunches wherein he would discuss case status with plaintiff and other deputies assigned to defendant Social Security Administration pursuant to the SSA contract.

20.　　Plaintiff and other Geauga County Deputy Sheriffs assigned to defendant Social Security Administration pursuant to the SSA contract were instructed by officials of defendant Social Security Administration that their lunch breaks were to be unpaid, that they were required to reflect 30 minutes for lunch on their daily time records, and that 1/2 hour would be deducted from their time sheets if they did not comply with said reporting policy.

21.　　Because plaintiff and other Geauga County deputy sheriffs assigned to defendant Social Security Administration pursuant to the SSA contract were frequently required to remain on working duty during their lunch breaks, said lunch breaks did not constitute exempt bona fide meal periods in accordance with the requirements established by 29 C.F.R. §785.19(a).

## FIRST CLAIM FOR RELIEF

22.　　The allegations set forth in Paragraphs 1 through 21 are incorporated as if fully rewritten herein.

23.　　Defendants Social Security Administration and Geauga County, Ohio, Board of County Commissioners have violated the Fair Labor Standards Act, willfully, intentionally, deliberately, and otherwise, by depriving plaintiff and other Geauga County deputy sheriffs assigned to defendant Social Security Administration pursuant to the SSA contract described herein of paid meal periods which comply with the Fair Labor Standards Act.

24.　　Defendants Social Security Administration and Geauga County, Ohio, Board of County Commissioners have further violated the Fair Labor Standards Act, willfully, intentionally, deliberately, and otherwise, by refusing to pay overtime or any other compensation

to plaintiff and other Geauga County deputy sheriffs assigned to defendant Social Security Administration pursuant to the SSA contract described herein for the time they spent working and on duty beyond forty (40) hours per week due to the requirement that they continue work duties through meal periods.

25.    As a result of defendants Social Security Administration and Geauga County, Ohio, Board of County Commissioner's violations of the Fair Labor Standards Act, willfully, intentionally, deliberately, and otherwise, plaintiff and other affected Geauga County Deputy Sheriffs assigned to defendant Social Security Administration pursuant to the SSA contract have suffered, and continue to suffer, damages in the form of earned by unpaid wages (for regular time and overtime) as well as liquidated damages under 29 U.S.C. §216(b), in an amount to be determined at trial.

26.    **WHEREFORE**, plaintiff, on behalf of himself and the class members he seeks to represent in this action, requests the following relief:

A.    That, at the earliest point possible, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have been assigned by the Geauga County Sheriff's Department to defendant Social Security Administration pursuant to the SSA contract described herein, who have been required to take unpaid working lunch breaks.  Such persons shall be informed that this civil action has been filed, of the nature of this action, and of their right to join in this lawsuit if they believe they were are required to take unpaid working lunch breaks;

B.    That this Court find that defendants Social Security Administration and Geauga County, Ohio, Board of County Commissioners violated 29

U.S.C. §207 by depriving plaintiff and other Geauga County deputy sheriffs assigned to defendant Social Security Administration pursuant to the SSA contract described herein of paid meal periods and by further refusing to pay overtime or any other compensation to plaintiff and other Geauga County deputy sheriffs assigned to defendant Social Security Administration pursuant to the SSA contract described herein for the time they spent working and on duty beyond forty (40) hours per week due to the requirement that they continue work duties through meal periods.

C.   That the Court find that defendants Social Security Administration and Geauga County, Ohio, Board of County Commissioner's violations as described herein have been willful;

D.   That the Court award to the plaintiff and the collective compensatory and liquidated damages, including interest thereon, and penalties, subject to proof at trial pursuant to 29 U.S.C. §201, *et seq.*, and the supporting United States Department of Labor regulations;

E.   That plaintiff and the collective be awarded reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b); and

G.   That the Court award such other and further relief as this Court may deem appropriate.

## SECOND CLAIM FOR RELIEF

27.     The allegations set forth in Paragraphs 1 through 26 are incorporated as if fully rewritten herein.

28.     As public employees of a political subdivision of the State of Ohio, plaintiff and other Geauga County Deputy Sheriffs assigned to defendant Social Security Administration pursuant to said contract are participants in the State of Ohio Public Employee Retirement System (PERS), which provides retirement benefits for state and local government employees.

29.     Upon information and belief, retirement benefits for participants in PERS are based upon an employee's earnable salary, and employers, including defendant Geauga County, are required to make contributions towards an employee's retirement benefits based upon a set percentage of the employee's earnable salary.

30.     Through the above-described actions and inactions, defendant Geauga County's contributions to PERS for plaintiff and others assigned to defendant Social Security Administration under the SSA contract have been improperly calculated, and additional contributions are owed for past payments.

31.     Because the retirement contributions to PERS have been improperly calculated for plaintiff and others assigned to defendant Social Security Administration under the SSA contract, liability for additional contributions will continue to accrue into the future.

**WHEREFORE**, plaintiff, on behalf of himself and the class members he seeks to represent in this action, requests that this Honorable Court enter an order requiring defendant Geauga County, Ohio, Board of County Commissioners to make such additional contributions to PERS as are deemed necessary to reflect all hours worked by plaintiff and others assigned to defendant Social Security Administration under the SSA contract, and to further adjust its

contributions to PERS for all other assigned to the SSA contract following the entry of judgment in this matter.

Respectfully Submitted,


s/*Mark P. Herron*
Mark P. Herron (051998)
55 Public Square, Suite 650
Cleveland, Ohio 44113
(216) 621-9721 FAX (216) 621-6006
email: herronlaw@msn.com

Attorney for Plaintiff and the Plaintiff Class

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

s/*Mark P. Herron*_____
Mark P. Herron (051998)
55 Public Square, Suite 650
Cleveland, Ohio 44113
(216) 621-9721 FAX (216) 621-6006
email: herronlaw@msn.com

Attorney for Plaintiff and the Plaintiff Class